UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANDRES CORIA,

    Plaintiff

v.

SPORT PONTOONS, LLC;
TARZAN BOAT, LLC dba
JUNGLE FLOAT;
CHRISTOPHER HAMPTON; and
BRIANNA WEAVER.

    Defendants.

Civil Action No. _____

**JURY DEMAND**

## COMPLAINT

COMES NOW Plaintiff, Andres Coria ("Plaintiff" or "Coria") and hereby file this Complaint against Defendants Sport Pontoons, LLC, Tarzan Boat, LLC dba Jungle Float, Chris Hampton, and Brianna Weaver ("Defendants") and state as follows;

## PARTIES

1. Plaintiff Andres Coria is an individual who resides in the State of Oregon.

2. Sport Pontoons, LLC, a Wyoming limited liability company with its principal place of business located at 7619 Hixson Pike Hixson, TN 37343 and may be served at its place of business.

3. Upon information and belief, Sport Pontoons, LLC is owned by a member or members, none of whom are citizens of the State of Oregon.

4. Tarzan Boat, LLC is a Tennessee limited liability company with its principal place of business located at 7619 Hixson Pike Hixson, TN 37343 and may be served at its place of business. At times, Tarzan Boat, LLC may operate under the assumed name Jungle Float.

5. Upon information and belief, Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float are alter egos of each other.

6. Upon information and belief, Tarzan Boat, LLC is owned by a member or members, none of whom are citizens of the State of Oregon.

7. Upon information and belief, Christopher Hampton is a resident of the state of Tennessee and is an employee, agent, and/or principal of Sport Pontoons, LLC. Defendant Hampton may be served at 7619 Hixson Pike Hixson, TN 37343.

8. Upon information and belief, Brianna Weaver is a resident of the state of Tennessee and is an employee, agent, and/or principal of Sport Pontoons, LLC. Defendant Hampton may be served at 7619 Hixson Pike Hixson, TN 37343.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the $75,000.00 threshold and there is complete diversity of citizenship of the parties. Plaintiff is a citizen of and resides in the State of Oregon. Upon information and belief, none of the Defendants, or the members of the Defendants, are citizens of the state of Oregon.

10. Defendants have each submitted to the personal jurisdiction of this court by conducting business in the State of Tennessee.

11. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred herein. Defendants

transacted business in this district; contracted to build and supply a boat within this district; and each caused tortious injury by an act or omission in this district.

12. Jurisdiction and venue are proper for each claim asserted in this complaint.

## FACTS

13. Defendants are in the business of building highly customized pontoon boats for consumers. Defendants operate a website advertising their services located at www.sportpontoons.com.

14. Upon information and belief, despite separate branding and business entities, the businesses operate interchangeably. For example, the invoices for Sport Pontoon, LLC bears the name and logo for Jungle Float, the assumed name of Tarzan Boat, LLC.

15. Plaintiff is an individual consumer. In or about March 2022 Plaintiff contacted Defendants about purchasing a custom pontoon boat ("Boat"). Defendants informed Plaintiff that they could build him the Boat.

16. On or about March 15, 2022 Coria informed Defendants that he wanted to purchase the Boat if it could be built and delivered by June. Defendants confirmed and stated that the build for the Boat had a ninety (90) day turnaround "get that deposit in ASAP. We are about to blow up with orders. And you want to be in front." (Text message communication attached as Exhibit A).

17. On or about March 15, 2022 Defendants issued a quote to Coria detailing the total expenses of the pontoon totaling in an amount of One Hundred Twenty-Seven Thousand Two Hundred and Fifty Eight Dollars ($127,258.00). The Quote was signed by Plaintiff and accepted by Defendants on or about March 21, 2022. (Quote attached as Exhibit B).

3

18. On or about March 17, 2022 Defendant Chris Hampton reached out to Coria with payment instructions through wire transfer or a check using Defendant's FedEx account. (Email communication attached as Exhibit C).

19. Plaintiff promptly paid the deposit as requested. On or about March 21, 2022 Plaintiff sent a wire transfer in the amount of Thirty One Thousand Eight Hundred and Fourteen Dollars and 50/100 ($31,814.50) to Sports Pontoon LLC at Pinnacle Bank TN. (Email confirmation attached as Exhibit D).

20. Once Plaintiff received confirmation of the wire transfer, he sent a screenshot to the Defendant's representative and again expressed his strongly desired delivery date of mid-June. (Text message communication attached as Exhibit E).

21. On or about March 22, 2022 Defendant sent Plaintiff an invoice detailing the exact items ordered and the amount paid by Plaintiff. (Invoice attached as Exhibit F). Plaintiff paid the balance in full on or about April 8, 2022.

22. The communications, invoices, and payments together constitute a contract for the purchase, build, and sale of the Boat constitute a binding contract between Plaintiff and Defendant Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float..

23. However, since the deposit and balance were paid in full, Defendants have failed to fulfill their obligations under the contract.

24. On or about May 11, 2022 Plaintiff contacted Chris Hampton and Brianna Weaver wanting an update on the delivery date of the Boat (Exhibit C).

25. On or about May 12, 2022 Plaintiff contacted the Defendants expressing his ongoing concern of lack of communication and delivery of the Boat (Exhibit C).

4

26. The last communication Coria has received from Defendant was on May 11, 2022.

27. Ninety (90) days have passed, and Plaintiff still has not received the Boat.

28. Upon information and belief, the Boat has not been substantially completed or else it is far behind the contracted for schedule.

29. Plaintiff has repeatedly requested updates, delivery, or a refund from Defendants. However, Defendants continue to ignore Coria's request for an update or refund on the money and the Boat Plaintiff is rightfully entitled to receive due to the agreement between the Parties.

30. Upon information and belief, Defendants have converted the funds paid by Plaintiff and/or have been unjustly enriched in an amount equal to the amount paid by Plaintiff.

31. Plaintiff has been damaged in the amount equal to the amount paid by Plaintiff to Defendants.

32. Plaintiff has been damaged in an amount equal to the amount that Defendants have converted for their own gain.

33. Defendant Sport Pontoons, LLC is responsible for the breach of the Agreement and for the tortious actions that were committed against Plaintiff, both directly and vicariously through its employees, principals, and agents. Tarzan Boat, LLC dba Jungle Float is, upon information and belief, the alter ego of Sport Pontoons, LLC, and upon information and belief has participated in the contract by its appearance on the invoices and interchangeability on Defendants' website. Additionally, upon information and belief, Defendant Tarzan Boat, LLC has received some or all of the funds paid by Plaintiff into its control. Tarzan Boat is liable for the breach of contract and the tortious actions of the Defendants, both directly and vicariously through its employees, agents, or principals.

34. Individual Defendants Hampton and Weaver are liable to Plaintiff for the tortious actions alleged herein. Upon information and belief, Hampton and Weaver participated directly in the tortious actions of Defendants and, upon information and belief, control some or all of the funds paid by Plaintiff and have unjustly benefited from the unlawful retention of those funds.

35. Plaintiff demands return of all funds paid by Plaintiff to Defendants.

36. Plaintiff is entitled to treble and punitive damages and attorney's fees.

## COUNT ONE
## BREACH OF CONTRACT
### AGAINST SPORT PONTOONS, LLC AND TARZAN BOAT, LLC DBA JUNGLE FLOAT

37. Plaintiff incorporates by reference paragraphs 1 through 36 set forth herein.

38. A valid contract exists between the Plaintiff and Defendants Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float. The binding contract consisted of the executed invoice, written communication between the Parties, and the verbal agreements.

39. At all times relevant, Plaintiff has performed all its obligations under the agreement.

40. The contract provided that upon payment, the Boat would be delivered with a "90-day turnaround" (Exhibit A).

41. Plaintiff paid the invoice in full, but Defendants failed to deliver the Boat.

42. Defendants failure to deliver the Boat is a breach of contract resulting from the executed invoice and verbal agreement regarding the material facts detailed herein.

43. Plaintiff has been damaged in an amount at least equal to what he paid and is entitled to a return of his paid funds in an amount of at least One Hundred Twenty-Seven Thousand Two Hundred and Fifty-Eight Dollars ($127,258.00).

6

## COUNT TWO
## CONVERSION
### AGAINST ALL DEFENDANTS

44. Plaintiff incorporates by reference paragraphs 1 through 43 set forth herein.

45. Plaintiff paid funds to Defendants who each, upon information and belief, took control over the funds.

46. When Defendants Sport Pontoons, LLC and Tarzan Boat, LLC failed to perform their obligations under the Agreement, Plaintiff demanded the return of the funds.

47. Defendants, acting jointly and severally, have refused to pay the funds back to Plaintiff, despite repeated formal and informal demands.

48. Upon information and belief, Defendants have intentionally ignored any and all demands for the return of the funds from Plaintiff and continue to excuse the actions regarding the alleged delay in production.

49. Defendants have appropriated and converted the Plaintiff's funds to their own personal use and benefit.

50. Plaintiff has been damaged by an amount equal to, at minimum, the amount that the Defendants have converted.

51. Plaintiff is entitled to return of the funds that were paid to Defendants that the Parties agreed upon.

52. Defendants are liable for conversion under Tennessee law.

53. Plaintiff is entitled to damages to be determined at trial, including actual damages, as well as treble and punitive damages, and attorney's fees.

## COUNT THREE
## NEGLIGENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

54. Plaintiff incorporates by reference paragraphs 1 through 53 set forth herein.

55. Defendants knew or should have known the appropriate time of turnaround and owe their clients a duty of care to not make misrepresentations on the time of delivery for a product.

56. Defendants breached their duty of care when they made misrepresentations by claiming a ninety (90) day turnaround period.

57. At a minimum, the actions and omissions of Defendants were negligent.

58. As a client, Plaintiff reasonably relied upon the misrepresentations and omissions in determining to pay the invoice for the Boat.

59. Plaintiff has been damaged by the negligent misrepresentation.

## COUNT FOUR
## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
## AGAINST ALL DEFENDANTS

60. Plaintiff incorporates by reference paragraphs 1 through 59 set forth herein.

61. The Tennessee Consumer Protection Act (the "TCPA") prohibits unfair or deceptive acts or practices affecting the conduct of any practice which is deceptive to the consumer or to any other person. Tenn. Code. Ann. § 47-18-104(b).

62. During all times relevant to Plaintiff's claims, Coria was a consumer under the TCPA.

63. Defendant's actions set forth herein including, without limitation, the acts, and omissions in connection with the Plaintiff buying a product and paying funds to the Defendants constitute violations of the TCPA.

64. Without limitation, Defendants' actions constitute specific deceptive acts under the TCPA to wit:

   i. Advertising goods or services with intent not to supply reasonably expectable public demand. TCA § 47-18-104(b)(10);

   ii. Refusal to reasonably show, demonstrate or sell the goods or services offered in accordance with the terms of the offer; TCA § 47-18-104(c)(1);

   iii. Disparagement by acts or words of the advertised goods or services or disparagement with respect to the guarantee, credit terms, availability of service, repairs or parts, or in any other respect, in connection with the advertised goods or services - TCA § 47-18-104(c)(2);

   iv. The act of inducing Plaintiff to spend more than $100,000 up front and encouraging the quick payment of a deposit by claiming great demand and then ghosting Plaintiff and not building the Boat is an unfair and deceptive trade practice.

   v. Upon information and belief, Defendant engaged in other violations of the TCPA in addition to those set forth herein and which directly damaged Plaintiff.

65. As a proximate result of the violation of the TCPA by the Defendants, Plaintiff has been damaged in an amount to be proven at trial. Such damages include, without limitation, Plaintiff's losses in funds, Plaintiff's expenses in defending actions connected with the invoice, and Plaintiff's attorneys' fees.

66. The engagement of the deceptive act(s) by the Defendants was a willful and knowing violation of the Tennessee Consumer Protection Act.

9

67. Plaintiff is entitled to judgment and damages against Defendants on this Count for Defendants' violations of the TCPA, plus attorneys' fees and treble damages as provided by statute.

## COUNT FIVE
## UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

68. Plaintiff incorporate by reference paragraphs 1 through 67 set forth herein.

69. Upon information and belief, Defendants have acted in a way to unjustly and illegally deprive Plaintiff of funds for the Defendants' own benefit.

70. Upon information and belief, each Defendant has directly benefitted from Plaintiff's funds.

71. Defendant has been unjustly enriched in an amount to be proved at trial. Equity and good conscience require that Plaintiff receive restitution for the harm caused by Defendants.

## COUNT SIX
## CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

72. Plaintiff incorporates by reference paragraphs 1 through 71 set forth herein.

73. A cause of action for civil conspiracy under Tennessee common law are: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage. *Freeman Mgmt. Corp. v. Shurgard Storage Centers, LLC*, 461 F. Supp. 2d 629, 642 (M.D. Tenn. 2006).

74. Defendants conspired to commit the predicate torts stated herein.

75. Defendants committed such tortious misdeeds with an unlawful purpose and by unlawful means and caused damages and loss to Plaintiff.

10

Case 1:22-cv-00199-KAC-CHS   Document 1   Filed 08/10/22   Page 10 of 12   PageID #: 10

76. Plaintiff is entitled to judgment against Defendants for civil conspiracy in an amount to be proven at trial.

## COUNT SIX
## RESPONDIAT SUPERIOR
## AGAINST SPORT PONTOONS, LLC AND
## TARZAN BOAT, LLC DBA JUNGLE FLOAT

77. Plaintiff incorporates by reference paragraphs 1 through 76 set forth herein.

78. Defendants Hampton and Weaver are the employees, contractors, principals, officers, directors, and/or agents of Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float.

79. As stated herein, upon information and belief, Defendants Hampton and Weaver committed the above-enumerated torts.

80. Defendants Sport Pontoons, LLC and Tarzan Boat, LLC are vicariously liable for the tortious actions of Hampton and Weaver under a theory of respondiat superior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial on all claims so triable and judgment as follows:

i. That the Defendants be served with process and made to answer this Complaint;

ii. A trial by jury;

iii. A judgment on breach of contract in the amount of at least One Hundred Twenty-Seven Thousand Two Hundred and Fifty Eight Dollars ($127,258.00).

iv. Awarding damages for the tortious acts of Defendants in an amount to be determined at trial;

v. Awarding treble and/or punitive damages against Defendants to be determined by the jury;

11

vi. Awarding attorneys' fees and costs; and

vii. Awarding such other relief as this Court deems just and proper against the Defendants.

RESPECTFULLY SUBMITTED this __10TH__ day of __AUGUST__, 2022.

BARHAM & MAUCERE LLC

*[signature]*

Scott Raymond Maucere, TN BPR #027407
Zachery S. Darnell, TN BPR #035914
6708 Heritage Business Court
Chattanooga, TN 37421
423.855.1755
scott@b-m.law
*Attorney for the Plaintiff*